USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/30/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                                           :
CHARLES GUCCIARDO,                             :
                                 Plaintiff,   :
                                                        :    16 Civ. 1113 (LGS)
               -against-                       :
                                                         :    AMENDED OPINION
TITANIUM CONSTRUCTION SERVICES,   :       AND ORDER
INC., et al.,                                        :
                                     Defendants. :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      Plaintiff Charles Gucciardo ("Plaintiff" or "Named Plaintiff"), on behalf of a putative class of current and former employees of Defendants Titanium Construction Services, Inc. ("Titanium") and Anthony O'Donnell (together, "Defendants"), moves for class certification under Federal Rule of Civil Procedure 23(b)(3). Plaintiff also moves to appoint Virginia & Ambinder, LLP as class counsel. Defendants cross-move to decertify the conditionally certified class, and request that costs be imposed on Plaintiff. For the reasons that follow, Plaintiff's motions to certify the class and to appoint Virginia & Ambinder, LLP as class counsel are granted, and Defendants' motion to decertify the conditionally certified class is denied as moot. Defendants' request for costs is denied.

## I.    BACKGROUND

###    A.    Procedural Background

      On February 12, 2016, Plaintiff, together with former Plaintiff Vinicio Samaniego, filed their Complaint, asserting claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). The Complaint specifically alleges that Defendants have a policy and/or plan to violate FLSA and NYLL, which involves "willfully" and "purposefully" "failing to

1

maintain proper and complete timesheets and payroll records." The Complaint further alleges that Defendants violated FLSA and NYLL by paying employees by check for hours worked up to 40 hours per week, and by cash for hours worked above 40 hours per week, at the employees' regular hourly wage rate.

On June 7, 2016, then-Named Plaintiffs Samaniego and Gucciardo moved for conditional certification of the FLSA collective, which the Court granted on September 1, 2016. Plaintiffs' counsel filed consent to join forms on behalf of seven Opt-In Plaintiffs.

On November 22, 2016, then-Named Plaintiffs filed a letter requesting a pre-motion conference regarding their intended motion for Rule 23 class certification. Defendants then filed a letter, in which they stated their intention to oppose the motion on the ground that then-Named Plaintiffs Samaniego and Gucciardo were inadequate class representatives. On December 6, 2016, at the conference, the Court suggested that it likely would find Samaniego and Gucciardo to be inadequate representatives and not certify the class, and recommended that Samaniego and Gucciardo be replaced with "more suitable" individuals from among the Opt-In Plaintiffs. Although the Court stated that it would consider the class certification motion, it suggested that the Complaint be amended to substitute Samaniego and Gucciardo as named plaintiffs, and cautioned that leave to amend would not be granted again.

On January 31, 2017, counsel filed a motion to amend the Complaint to remove Samaniego as Named Plaintiff, leaving Gucciardo as the sole Named Plaintiff. The motion also seeks class certification under Rule 23 for the NYLL claims. In their Reply, then-Named Plaintiffs withdrew the consent to join forms of all three remaining Opt-In Plaintiffs who had not already withdrawn.[1] The motion for leave to amend the Complaint was granted, and an Amended

---

[1] In their Reply, then-Named Plaintiffs withdrew the consent to join forms of Surfield Thomas,

Complaint naming Charles Gucciardo as the sole named plaintiff, was filed on August 15, 2017. The motion to certify the class accordingly is construed as being brought solely by Gucciardo. Defendants oppose class certification and seek to have costs imposed on Plaintiff.

**B.  Factual Background**

Defendants Titanium Construction Services, Inc. and Anthony O'Donnell employed Named Plaintiff Charles Gucciardo from approximately February 2012 through July 2015. Named Plaintiff was hired as a laborer. In around January 2015, he received a raise and began performing the duties of a supervisor, and in March 2015, he was formally promoted. In this role, Named Plaintiff supervised other employees and had authority to hire and fire and determine employees' hours. Named Plaintiff also was responsible for tracking employees' hours and paying employees. On this motion, Plaintiff submitted a cell phone "note" written in October 2014, in which he recorded nine employees' hours worked. Per the note, eight of the nine employees worked overtime during that week. Of those eight, three were deposed in this action, and all three testified that they were paid their straight wages for those (and all) overtime hours worked.

At his deposition, Named Plaintiff testified that he gave each employee one envelope containing a check for hours worked up to 40 hours, and a second envelope containing cash for hours worked above 40 hours, in the amount of an employee's regular hourly wage rate. Named Plaintiff's testimony was largely corroborated by the deposition testimony of five other members

---

Jonathan Chapman and Avila Rodriguez Alberto. Defendants also submitted a declaration in which Brett R. Gallaway stated, "On March 3, 2017, I had a telephonic conversation and email correspondence with Plaintiffs' counsel, Lloyd Ambinder regarding the withdrawal of the untimely opt-in consent forms of Wayne Paul, Claude Smith, and Andrew Straker" and that "Mr. Ambinder acknowledged that he reached out to these 3 opt-ins on March 3, 2017 and recommended that they withdraw their opt-in consent forms." These forms apparently were withdrawn as they are no longer accessible on the Docket.

of the proposed class, each of whom testified that he often worked more than 40 hours per week, and that Defendants failed to pay him overtime compensation on those occasions. Each further testified that Defendants paid him his straight wages, in cash, for hours worked in excess of 40 hours per week. Named Plaintiff also testified that he maintained a "logbook," in which he recorded employees' hours, including his own, and that he lost the logbook during the six-month period between the time Defendants fired him and the time he commenced this action.

In May 2015, Defendants demoted Named Plaintiff back to a laborer role because of multiple, unexcused absences from work. On one such occasion, Named Plaintiff missed work because he was pulled over and arrested for Oxycodone possession -- specifically, for carrying the legally prescribed drug in a clear plastic bag rather than a bottle. Named Plaintiff admitted that he had lied to his supervisors about the reasons for his absence on this and other occasions. Defendants assert that Named Plaintiff was fired in July 2015, in part, because of these unexcused absences, and for other reasons not directly relevant to the disposition of this motion.

In opposition to Plaintiff's motion for class certification, Defendants submitted the deposition testimony of Anthony O'Donnell, Titanium's Managing Director, and Leslie Hogan, its Superintendent. Both testified that Titanium laborers typically worked from 7 a.m. to 3:30 p.m., or from 10 a.m. to 6 p.m., and that Titanium employees rarely or never worked overtime. Both also testified that Titanium never paid laborers in cash, and that employees received either a single envelope containing a check, or a direct deposit to their bank account for their hours worked. Defendants also submitted payroll records for seven Titanium employees -- the original two Named Plaintiffs and five of the Opt-In Plaintiffs.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 23(a) provides that plaintiffs may sue on behalf of a class where:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Where, as here, Plaintiff seeks to certify a class under Rule 23(b)(3), Plaintiff also must show "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

The Second Circuit gives Rule 23 a "liberal rather than restrictive construction, and courts are to adopt a standard of flexibility." *Marisol A. v. Giuliani*, 126 F.3d 372, 377 (2d Cir. 1997); *accord In re J.P. Morgan Stable Value Fund ERISA Litig.*, No. 12 Civ. 2548, 2017 WL 1273963, at *5 (S.D.N.Y. Mar. 31, 2017). But "Rule 23 does not set forth a mere pleading standard." *Wal-mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Plaintiff must establish by a preponderance of the evidence that each of Rule 23's requirements is met. *In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223, 264 (2d Cir. 2016).

## III. DISCUSSION

### A. Motion for Class Certification

Named Plaintiff's motion for class certification is granted because he has proven, by a preponderance of the evidence, that Rule 23's requirements are met.

#### 1. Numerosity

The parties do not dispute that the proposed class includes at least 50 individuals, whom Defendants identified around February 2010 in order to send notice to potential claimants under

29 U.S.C. § 216(b).  "Rule 23(a)(1) does not mandate that joinder of all parties be impossible -- only that the difficulty or inconvenience of joining all members of the class make use of the class action appropriate."  *Cent. States Se. & Sw. Areas Health and Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 504 F.3d 229, 244–45 (2d Cir. 2007).  In the Second Circuit, "numerosity is presumed where a putative class has forty or more members."  *Shahriar v. Smith & Wollensky Rest. Grp.*, 659 F.3d 234, 252 (2d Cir. 2011) (citing *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995)).  Because Plaintiff has established that the proposed class includes at least 50 individuals and joinder is impracticable, the numerosity requirement is satisfied.

### 2. Commonality

Plaintiff has shown commonality.  Commonality is satisfied where "there are questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  "A question[] of law or fact [is] common to the class . . . if the question is capable of classwide resolution -- which means that its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  *Johnson v. Nextel Comms. Inc.*, 780 F.3d 128, 137 (2d Cir. 2015) (internal quotation marks and citation omitted and alterations in original) (quoting *Wal-Mart*, 564 U.S. at 350).  "The claims for relief need not be identical for them to be common; rather Rule 23(a)(2) simply requires that there be issues whose resolution will affect all or a significant number of the putative class members."  *Id.*  "Where the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question."  *Id.* (internal quotation marks omitted).

Common issues of fact and law that are capable of a classwide resolution arise from Defendants' alleged overtime compensation policy: (1) whether at least some employees worked over 40 hours per week; (2) whether Defendants had a policy of paying overtime wages in cash

6

and at the "regular" hourly rate without the required premium for hours worked over 40 per week; and (3) whether Anthony O'Donnell, the individual Defendant, is personally liable for failure to pay overtime compensation. The answers to these "common policy and legal questions undoubtedly will drive the resolution of the litigation with respect to all parties." *Reyes v. City of Rye*, No. 13 Civ. 9051, 2016 WL 4064042, at *5 (S.D.N.Y. July 28, 2016) (internal quotation marks omitted) (quoting *Wal-Mart*, 564 U.S. at 349–50). This is true notwithstanding that some employees may not have worked overtime because "the need for an individualized determination of damages suffered by each class member generally does not defeat the [commonality] requirement." *Id.* Although Defendants argue "that they will prove . . . that no illegal policy existed for any Plaintiff, their ability to proffer such evidence only reinforces the . . . conclusion that the class's claims may be resolved by generalized proof." *Pichardo v. Carmine's Broadway Feast Inc.*, No. 15 Civ. 4046, 2016 WL 5338551, at *5 (S.D.N.Y. Sept. 23, 2016).

### 3. Typicality and Adequacy

Typicality and adequacy, both of which involve similar inquiries into the unique defenses potentially applicable to Named Plaintiff, are met here. Typicality is intended to "ensure that maintenance of a class action is economical and [that] the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Marisol A.*, 126 F.3d at 376. The requirement is met where "each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009); *In re Virtus Inv. Partners, Inc. Sec. Litig.*, No. 15 Civ. 1249, 2017 WL 2062985, at *3 (S.D.N.Y. May 15, 2017). "While . . . individualized factual questions with respect to the class representative's claim will not bar class certification, class certification is

7

inappropriate where a putative class representative is subject to unique defenses which will threaten to become the focus of the litigation." *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 59–60 (2d Cir. 2000) (quoting *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir. 1990)); *accord Desrocher v. Covisint Corp.*, No. 14 Civ. 3878, 2016 WL 740275, at *1 (S.D.N.Y. Feb. 22, 2016).

In addition, Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class," and "raises concerns about the competency of class counsel and conflicts of interest." *Wal-Mart*, 564 U.S. at 345, 349 n.5. "The issue of whether the proposed class representative is subject to a unique defense is also relevant to whether he or she will be an adequate representative of the class." *Callari v. Blackman Plumbing Supply, Inc.*, 307 F.R.D. 67, 79 (E.D.N.Y. 2015) (collecting cases). To determine whether a named plaintiff will be adequate, courts must consider whether "(1) plaintiff's interests are antagonistic to the interest of other members of the class and (2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." *Baffa*, 222 F.3d at 60; *accord Balverde v. Lunella Ristorante, Inc.*, No. 15 Civ. 5518, 2017 WL 1954934, at *8 (S.D.N.Y. May 10, 2017). "[N]ot every potential disagreement between a representative and the class members will stand in the way of a class suit." *Balverde*, 2017 WL 1954934, at *8. To be disqualifying, the conflict must be "fundamental." *Id*.

Named Plaintiff is a flawed, albeit typical and adequate class representative. First, Named Plaintiff and each proposed class member allege the same type of injury -- lost overtime wages resulting from a single, common policy. *See Spencer v. No Parking Today, Inc.*, No. 12. Civ. 6323, 2013 WL 1040052, at *19 (S.D.N.Y. Mar. 15, 2013) (finding, with respect to the potential calculation of damages, "no merit to [the defense's] argument . . . that typicality is not established

because [the named plaintiff] may have worked more overtime hours than the other class members"); *see also Adkins v. Morgan Stanley*, 307 F.R.D. 119, 138 (S.D.N.Y. 2015) ("The central feature for typicality is that plaintiffs assert that defendants committed the same wrongful acts in the same manner, against all members of the class, and the court looks not at the plaintiffs' behavior, but rather at the defendant's actions.").

The record includes the deposition testimony of five Titanium employees, in addition to Named Plaintiff, each of whom testified that, when he worked more than 40 hours per week, he was paid his regular wages in cash. Plaintiff also submitted declarations of three of those employees, each stating that he was paid at his regular hourly rate regardless of how many hours he worked, and that he received cash payments for hours worked over 40 per week. This evidence is sufficient to satisfy the typicality requirement. *See also Pichardo v. Carmine's Broadway Feast Inc.*, No. 15 Civ. 3312, 2016 WL 4379421, at *8 (S.D.N.Y. June 13, 2016) (internal quotation marks and citation omitted) ("Because proof consisting of employees' declarations is regularly held sufficient to establish commonality and typicality, the plaintiffs have also satisfied the typicality requirement."). Because the claims of all class members depend on an alleged common policy of failing to pay earned overtime wages, typicality is satisfied.

Defendants assert that Named Plaintiff is an inadequate class representative for two reasons: (1) he is subject to unique defenses; and (2) he is not credible. Neither of these reasons is persuasive. First, Defendants argue that Named Plaintiff is subject to the unique defense that he was an exempt employee under NYLL for at least part of the class period because he occupied a supervisor position at the Company, with the discretion to fire employees and determine employees' hours. Assuming Defendants could raise the exemption defense, Named Plaintiff nevertheless could represent the class because he was non-exempt for at least three years, and

9

thus, "the unique defense relating to his exemption cannot be characterized as central to the litigation, but may only limit his recoverable damages." *Noble v. 93 Univ. Place Corp.*, 224 F.R.D. 330, 344 (S.D.N.Y. 2004); *see also Spencer*, 2013 WL 1040052, at *18 (noting that "the rule barring certification of plaintiffs subject to unique defenses is not rigidly applied in this Circuit; it has generally been applied only where a full defense is available against an individual plaintiff's action"). Defendants' argument that Named Plaintiff is subject to the unique defense of "unclean hands" also fails because that is an equitable defense that Defendants may not raise as a defense to Plaintiff's state law statutory claims. *See Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 464 (S.D.N.Y. 2008) (finding affirmative defenses, including laches and unclean hands to be "inapposite because Plaintiffs' wage and hour claims are rooted in statutory, not equitable, law").

Second, Defendants contend that Named Plaintiff lacks credibility, in part, because of "his arrests for drug possession, his possession of narcotics both before and while working for Titanium, and his termination for dealing drugs on the job," as well as his multiple unexcused absences (some of which he admittedly lied about to his supervisor). Although Defendants are correct that the "moral character" of the Named Plaintiff may be considered, "the inquiry . . . into the representative's personal qualities is not an examination into their moral righteousness, but rather an inquiry directed at improper or questionable conduct arising out of or touching upon the very prosecution of the lawsuit." *Friedman-Katz v. Lindt & Sprungli (USA), Inc.*, 270 F.R.D. 150, 160 (S.D.N.Y. 2010) (internal quotation marks omitted and alterations in original). Even if Defendants' assertions regarding Named Plaintiff's indiscretions are true, they do not touch upon the prosecution of the lawsuit, which at its core is about Defendants' alleged policy of failing to pay overtime wages. *See Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 211 (E.D.N.Y.

2015) (internal quotation marks omitted) (noting that a "class representative need not be morally upstanding; rather, he or she must not have damaged his or her credibility regarding those issues that are central to the action"); *see also Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 372 (S.D.N.Y. 2007) (finding that "the circumstances of [plaintiff's] termination are [not] relevant to whether he was paid overtime wages or less than the minimum wage during the period while he was employed").

In addition, Defendants identify a number of inconsistencies between Named Plaintiff's deposition and interrogatory testimony, as well as between Named Plaintiff's deposition testimony and the deposition testimony and declarations of other current and former Titanium employees. For example, Named Plaintiff's declaration in support of conditional certification and supplemental interrogatory responses stated that he worked overtime "each week"; in his deposition testimony, Named Plaintiff admitted that those statements were "inaccurate." Neither this nor any of the other inconsistencies that Defendants note disqualify Named Plaintiff from serving as class representative, however, because none of them "create[s] a conflict" between Named Plaintiff and the rest of the class. *Balverde*, 2017 WL 1954934, at *8 (finding plaintiff to be an adequate representative where he "gave one set of facts in his Complaint as to his hours and overtime and two separate accounts of conflicting facts in his damages calculation and deposition"). "[A]t most [they] may call [Plaintiffs'] credibility into question [but] they do not cast a shadow of doubt so severe as to disqualify him from serving as class representative." *Id*. (quoting *Chime*, 137 F. Supp. at 211). Accordingly, typicality and adequacy are satisfied.

4. **Ascertainability**

Plaintiff also has demonstrated ascertainability, which is "a requirement [in the Second Circuit] that there be an identifiable class." *Balverde*, 2017 WL 1954934, at *9 (internal

quotation marks omitted). "[T]he touchstone of ascertainability is whether the class is sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member." *Brecher v. Republic of Arg.*, 806 F.3d 22, 24 (2d Cir. 2015) (internal quotation marks omitted). However, "freestanding administrative feasibility" is not required, only "that a class be defined using objective criteria that establish a membership with definite boundaries." *In re Petrobras Secs.*, --- F.3d ----, No. 16 Civ. 1914, 2017 WL 2883874, at *8 (2d Cir. July 7, 2017). "This modest threshold requirement will only preclude certification if a proposed class definition is indeterminate in some fundamental way." *Id.* at *12.

Here, the proposed class includes all individuals that Titanium employed as construction workers at New York City job sites since February 2010, and is sufficiently definite such that "no subjective criteria is required to determine the class' contours." *Flores v. Anjost Corp.*, 284 F.R.D. 112, 123 (S.D.N.Y. 2012). As in *Flores*, where the court found that ascertainability was satisfied in a wage and hour case, "[t]he class can clearly be ascertained by objective documentation, such as Defendants' employee payroll records and wage statements." *Id.* For this reason, and because ascertainability is not disputed, this requirement is met.

### 5. Predominance

Plaintiff seeks to certify the class under Rule 23(b)(3). Plaintiff has shown that, as Rule 23 requires, "[common] questions of law or fact predominate over any questions affecting only individual members." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 622 (1997); *accord Johnson*, 780 F.3d at 137. "Rule 23(b)(3)'s predominance requirement is 'more demanding than Rule 23(a).'" *Johnson*, 780 F.3d at 137. "Like . . . commonality . . ., a court examining predominance must assess (1) the elements of the claims and defenses to be litigated; and (2) whether generalized evidence could be offered to prove those elements on a class-wide basis or

whether individualized proof will be needed to establish each class member's entitlement to relief." *Id.* (internal quotation marks and citation omitted). However, the court also must consider whether the common legal or factual issues "are more substantial than the issues subject only to individualized proof." *Mazzei v. Money Store*, 829 F.3d 260, 272 (2d Cir. 2016), *cert. denied*, 137 S. Ct. 1332 (2017).

For substantially the same reasons discussed above respecting commonality, predominance is satisfied. Plaintiff has alleged, and proffered evidence, that construction workers employed by Titanium were subject to a common, illegal, overtime compensation policy. If Plaintiff prevails in showing the existence of a common policy at trial, each of the individual class members likely will prevail on their respective claims against Defendants, "although [their] individualized damages will vary." *Shahriar*, 659 F.3d at 253. Courts routinely find that common questions predominate under such circumstances. *See Cazares v. AVA Rest. Corp.*, No. 15 Civ. 0477, 2017 WL 1229727, at *8 (E.D.N.Y. Mar. 31, 2017) (internal quotation marks omitted) ("District courts have routinely found that common questions predominate in wage and hour actions brought on behalf of a class of employees of the same employer challenging allegedly illegal policies and practices."); *Reyes*, 2016 WL 4064042, at *7 (same).

### 6. Superiority

The superiority requirement also is satisfied. Rule 23(b)(3) requires that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." To determine whether superiority is proven, courts consider

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

13

Fed. R. Civ. P. 23(b)(3)(A)-(D).

Courts in the Second Circuit regularly find that superiority is satisfied where, as here, "potential class members are aggrieved by the same policies, the damages suffered are small relative to the expense and burden of individual litigation, and some potential class members are currently employed by the defendants." *Cazares*, 2017 WL 1229727, at *9 (internal quotation marks omitted); *see also Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316, 2006 WL 2819730, at *16 (S.D.N.Y. Sept. 29, 2006) (finding superiority to be satisfied where "litigation costs would likely exceed any gains from overtime wage recovery" and "some class members are still employees of Defendants[]"). A class action also would have the benefit of avoiding inconsistent results that could arise if each class member were forced to litigate his or her claims separately. *See Torres*, 2006 WL 2819730, at *16 (noting that "a class action would eliminate the risk that questions of law common to the class will be decided differently in each lawsuit"). Accordingly, the proposed class satisfies the superiority requirement.

### B. Motion to Decertify Conditionally Certified Class

Defendants' motion to decertify the conditionally certified class is denied as moot because Plaintiff has withdrawn the consent to join forms of all Opt-In Plaintiffs. Further, Defendants cite no legal authority to support their request for the imposition of costs on Plaintiffs, and may not move for costs in a sur-reply. Defendants' motion for costs is denied.

### C. Appointment of Class Counsel

Plaintiff's counsel, Virginia & Ambinder, LLP, is appointed to serve as class counsel. When appointing class counsel, a court must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). Virginia & Ambinder, LLP are experienced litigators who have litigated many individual wage and hour actions, as well as served as lead counsel in numerous wage and hour class and collective actions in this Circuit. *See, e.g.*, *Tart v. Lions Gate Entertainment Corp.*, No. 14 Civ. 8004, 2015 WL 5945846, at *3 (S.D.N.Y. Oct. 13, 2015); *In re Penthouse Executive Club Compensation Litig.*, No. 10 Civ. 1145, 2014 WL 185628, at *3 (S.D.N.Y. Jan. 14, 2014). Plaintiff's counsel is responsible for identifying and investigating the claims in this action and attest that they will commit the necessary resources to the lawsuit. Plaintiff has shown Virginia & Ambinder, LLP "will fairly and adequately represent the interest of the class." Fed. R. Civ. P. 23(g)(4). Plaintiff's motion to appoint Virginia & Ambinder, LLP as class counsel is granted.

## IV. CONCLUSION

For the reasons stated, Plaintiff's motions for class certification and to appoint Virginia & Ambinder, LLP as class counsel are GRANTED. Defendants' motion to decertify the conditionally certified FLSA collective action is DENIED as moot. It is hereby ordered that:

(1) Plaintiff is appointed the class representative to sue on behalf of a class of all non-exempt persons who performed construction work and all work incidental thereto, including general labor, carpentry, taping, framing, cleaning and maintenance for Defendants between February 12, 2010, and July 14, 2017;

(2) Virginia & Ambinder, LLP is appointed class counsel;

(3) The proposed Notice and manner of notice, as modified by the Court and described in detail in a separate Order, are approved as the best notice practicable under the circumstances.

The Clerk of Court is directed to close the motions at Docket Nos. 70 and 91.

Dated: August 30, 2017
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**